Louis Otten, J.
This case presents another example of the waste of time, energy, legal and judicial person power and consequent waste of money occasioned by the existence of the Family Court as a separate court of limited jurisdiction. This waste can be eliminated by legislative initiation of steps to implement the recommendations for court unification promulgated by the Chief Judge of the Court of Appeals.
This is a proceeding to review the foster care status of Anthony T. pursuant to section 392 of the Social Services Law. The natural father and paternal grandmother, as interested parties, were served with notice of these proceedings, and by their attorney interposed a counterclaim seeking custody of the child Anthony T.
Petitioner, Department of Social Services, moved to strike the counterclaim for custody on the ground that this court lacks jurisdiction.
Subdivision b of section 13 of article VI of the New York State Constitution provides: "The family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: * * * (2) the custody of minors except for custody incidental to actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage.” (Emphasis supplied.)
Subdivision (b) of section 651 of the Family Court Act provides in pertinent part: "When initiated in the family court, the family court has the jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, proceedings brought by petition and order to show cause, for the determination of the custody of minors.”
Petitioner argues that thus the procedure to be used in initiating custody proceedings is prescribed in the Family Court Act itself. Petitioner’s argument continues that section 165 of the Family Court Act is inapplicable because it pro *704 vides that only where the method of procedure is not prescribed by the Family Court Act, the CPLR shall apply.
The foregoing argument seems plausible but is fallacious. Although subdivision (b) of section 651 of the Family Court Act is "the manner provided by law” for initiating a proceeding for determination of custody of minors in the Family Court, it is not the only manner prescribed by law for determining such custody. Section 392 of the Social Services Law also prescribes a manner for initiating a review of the custody of children in foster care. Proceedings involving determination of the custody of minors in the Family Court may be initiated in a number of ways, for example, under article 7 of the Family Court Act (in cases of delinquency and persons in need of supervision), under article 10. (in cases of abused or neglected children), under article 4 (where incidental to support proceedings), under article 5 (in paternity proceedings), under article 8 (in family offense proceedings) and under other sections of article 6 (§611 et seq., for permanent neglect; § 641, adoptions); also under section 384 of the Social Services Law relating to guardianship of destitute or dependent children.
All of the foregoing statutory provisions are manners "provided by law” for initiating proceedings involving custody of minors. The within proceeding having been properly initiated under section 392 of the Social Services Law, a counterclaim is an appropriate manner provided by law for the respondents (defendants) to place before the court their contentions as to custody within the purview of section 165 of the Family Court Act and CPLR 3019, in the absence of another specified procedure of the Family Court Act.
Accordingly, petitioner’s motion to dismiss the counterclaim is denied.